ORDER DENYING PETITION FOR REVIEW
GAR Y P. SULLIVAN, Chief Justice.
A Petition for Review having been timely filed on October 30, 2001 by Rieh- *227 ard Melborne, pro se, putative father[1] of subject minor Indian child from an Order issued October 30, 2001, establishing sole custody in the biological mother, Virgene Crowe, the Honorable Juanita Azure, presiding. Said petition is denied for the reasons set forth below.
Virgene Crowe (hereafter ‘Virgene’), the biological mother of the subject minor Indian child, filed a custody petition on August 3, 2001. In her petition, Virgene states that R.M.M. is in the physical custody of Wilma Melborne (hereafter ‘Wilma’). The record is silent as to the relationship, if any, of Wilma and R.M.M. On August 24, 2001, the Tribal Court issued its order setting a hearing date of September 27, 2001. Petitioner and Wilma were both served with notice of the hearing on August 27, 2001. Richard and Virgene appeared on September 27 th, however Wilma did not. The Tribal Court ordered home studies, mental health and drug and alcohol evaluations for both Richard and Virgene and set the matter over for a fact finding hearing on October 30, 2001.
Virgene complied fully with the Tribal Court’s order and appeared for the fact finding hearing on October 30 th. Richard did not comply with the Tribal Court’s order and failed to appear at the October 30 th fact finding hearing. The Tribal Court defaulted Richard and granted sole custody to Virgene.
Richard fails to state any legal basis upon which this Court could review the October 30,2001, custodial order. His petition contains only his claims as to Vir-gene’s conduct. These claims Would have been appropriate at the October 30 th hearing, however, they have no place in this Court. It is reasonable to assume that a parent who is concerned about their child’s safety and welfare would avail themselves during a hearing set for that precise purpose.
The record is completely bare of the custodial order(s), if any, prior to October 30, 2001. Further, no history whatsoever is chronicled regarding this child’s bring arrangement and relationships prior to October 30, 2001. The Tribal Court is requested to review paragraph 14 of this Court’s ruling in Owens v. Matthews FPCOA # 336, 2 Am. Tribal Law 215 (2000) for guidance in setting forth the proper facts in future orders.
NOWTHEREFORE, it is the order of this Court that the Petition for Review herein, captioned as shown above, is denied and all Tribal Court orders heretofore stayed or not acted upon because of, or pursuant to, the pendency of this petition, are herewith restored and shall be given full force and effect without further delay.
The Clerk of the Court of Appeals shall cause a copy of this order to be served on the petitioner, Richard Melbourne within twenty (20) days of this order.

. The subject minor child was born out ol wedlock. In her petition for custody, the biological mother of R.M.M. names Richard Melborne as the father and he apparently acquiesces. However, he does not specifically indicate in his petition that he is the father and there is nothing in the record to show that paternity was ever established.